UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANVILLE H. MARSHALL JR.,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL BOARD OF CALIFORNIA,<br><br>Defendant. | No. 2:25-cv-01928-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on Granville H. Marshall Jr.'s ("Plaintiff") Motion for Reconsideration of the assigned magistrate judge's October 6, 2025 Minute Order and October 23, 2025 "hearing rulings." (ECF No. 19.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

The general facts of this case are known to both parties. Relevant here, on September 4, 2025, Defendant filed a motion to dismiss. (ECF No. 7.) Plaintiff subsequently filed a request for entry of default (ECF No. 9), which the Clerk of Court declined (ECF No. 10). Plaintiff then filed a motion for default judgment on October 2, 2025. (ECF No. 13.) On October 6, 2025, the Court struck Plaintiff's motion for default judgment as improper because the Clerk had declined entry of default, which the Court noted was a prerequisite to an entry of default judgment. (ECF No. 14.) Plaintiff then sought to compel entry of default. (ECF No. 16.) On October 23, 2025,

1

1  the Court held a hearing regarding Defendant's motion to dismiss. (ECF No. 17.) During the
2  hearing, the Court heard from Plaintiff regarding his motion to compel entry of default and then
3  denied the motion. (*Id.*) The Court also heard arguments regarding Defendant's motion to
4  dismiss, which it then took under submission. (*Id.*) On November 7, 2025, Plaintiff filed the
5  instant motion for reconsideration requesting this Court vacate the magistrate judge's October 6,
6  2025 minute order and October 23, 2025 "hearing rulings." (ECF No. 19.) Defendant filed an
7  opposition. (ECF No. 20.)

8        A party may object to a non-dispositive pretrial order of a magistrate judge within
9  fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order
10 will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A);
11 E.D. Cal. L.R. 303(f). "A party seeking reconsideration must set forth facts or law of a strongly
12 convincing nature to induce the court to reverse a prior decision." *Martinez v. Lawless*, No. 1:12-
13 CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare*
14 *Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd*
15 *in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

16       Under the "clearly erroneous" standard, "the district court can overturn the magistrate
17 judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake
18 has been committed.'" *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014)
19 (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). "Thus, review under the
20 'clearly erroneous' standard is significantly deferential.'" *Concrete Pipe and Prods. of Cal., Inc.*
21 *v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). "A [m]agistrate [j]udge's
22 decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element
23 of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of
24 procedure." *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D.
25 Cal. July 18, 2014) (citation omitted).

26       Here, Plaintiff first argues the magistrate judge's October 6, 2025 minute order was a
27 dispositive act beyond the magistrate judge's authority and the magistrate judge did not have
28 jurisdiction to conduct dispositive proceedings after Plaintiff declined to consent to the magistrate

1   judge's jurisdiction.  (ECF No. 19 at 4.)  In response, Defendant argues Plaintiff's request is
2   untimely because he made the request thirty-two days after the October 6, 2025 minute order —
3   past the fourteen day window mandated by the local rules.  (ECF No. 20 at 2 (citing E.D. Cal.
4   L.R. 303(b)).)  Further, Defendant argues a cursory review of the docket demonstrates the order
5   was proper.

6         This Court agrees with Defendant.  First, even setting aside the issue of timeliness, the
7   magistrate judge had authority to issue the minute order as it was non-dispositive.  *See* 28 U.S.C.
8   § 636.  Under the local rules, even if the parties have not consented, if one party is proceeding
9   unrepresented, as Plaintiff is here, the magistrate judge handles the action.  E.D. Cal. L.R.
10  302(c)(21). Second, in reviewing the magistrate judge's decision, the Court finds no clear error
11  or holding contrary to law.  As stated by the assigned magistrate judge, a Clerk's entry of default
12  is a prerequisite to an entry of default judgment.  Accordingly, Plaintiff's request to vacate the
13  magistrate judge's October 6, 2025 minute order is DENIED.

14        Plaintiff next argues the magistrate judge erred in allowing Defendant's motion to dismiss
15  to proceed.  (ECF No. 19 at 5.)  Defendant responds by arguing the request is premature given the
16  magistrate judge has not yet issued findings and recommendations regarding the merits of
17  Defendant's motion to dismiss.  (ECF No. 20.)  The Court agrees and DENIES Plaintiff's request
18  to vacate the "hearing rulings" in regards to Defendant's motion to dismiss.  To the extent
19  Plaintiff also seeks to vacate the magistrate judge's ruling regarding his motion to compel default
20  judgment, such a request is also denied for the reasons set forth above.

21        In sum, given the Court finds no clear error or holding contrary to law, the Court DENIES
22  Plaintiff's motion for reconsideration.  (ECF No. 19.)

23        IT IS SO ORDERED.
24  Date: December 5, 2025

26                            TROY L. NUNLEY
                             CHIEF UNITED STATES DISTRICT JUDGE