UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANVILLE H. MARSHALL, Jr., | No. 2:25-cv-01928-TLN-SCR |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| MEDICAL BOARD OF CALIFORNIA, | |
| Defendant. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Defendant Medical Board of California's Motion to Dismiss (ECF No. 7), Plaintiff's Motion to Compel Entry of Default (ECF No. 16), and Plaintiff's Motion for Recusal (ECF No. 26). The Court heard oral argument on the motion to dismiss and motion to compel default on October 23, 2025. ECF No. 17. The Court now denies the motion for recusal and recommends that the motion to compel entry of default be denied and the motion to dismiss be granted.

**I.      Procedural History and Background**

Plaintiff filed this action on July 10, 2025, along with a motion to proceed in forma pauperis. ECF Nos. 1 & 2. Plaintiff then paid the filing fee, rendering moot his motion to proceed IFP. ECF No. 6. The complaint names only the Medical Board of California ("MBC") as a defendant in the

1

caption. However, the body of the complaint refers to several individual defendants. Plaintiff's complaint references a variety of federal statutes, including 42 U.S.C. § 1983, and state law claims. ECF No. 1 at ¶¶ 1-4. Plaintiff alleges he is a medical doctor and was licensed in California until January 2025. *Id*. at ¶ 16. Plaintiff states that some of the individual defendants and Banner Lassen Medical Center ("BLMC") worked together to "manufacture a fraudulent redacted Report of Investigation" in the 2014 to 2017 time period, which breached a prior settlement agreement with BLMC that was executed in 2007. *Id*. at ¶ 17. Plaintiff further alleges that MBC was involved with a "delusional criminal complaint." *Id.* at ¶ 19.

Plaintiff asserts the following claims: 1) Section 1983; 2) Section 1985; 3) negligent interference with economic relationship; 4) intentional interference with economic relations; 5) negligent infliction of emotional distress; 6) intentional infliction of emotional distress; 7) violation of California Civil Code § 51.7; 8) malicious prosecution; 9) abuse of process; and 10) violation of Title VII. ECF No. 1 at ¶¶ 43-113. All but Count 7 are asserted against "all Defendants." Plaintiff's complaint does not contain a clear "relief requested" section. At the final paragraph, number 113, Plaintiff references damages and attorney fees. Plaintiff signed the complaint at page 27, and then attached exhibits. After all of the exhibits, at page 85, Plaintiff includes a prayer for relief that includes monetary damages and reinstatement of his license. ECF No. 1 at 85.

MBC filed a motion to dismiss on September 4, 2025. ECF No. 7. Fourteen days later, Plaintiff requested the Clerk enter default against MBC, which the Clerk declined on the basis of the pending motion to dismiss. ECF Nos. 9 & 10. On September 29, 2025, the Court issued an Order pointing out that Plaintiff had failed to oppose the motion to dismiss and sua sponte granting Plaintiff an extension of time until October 8, 2025 to oppose the motion. ECF No. 11. Three days later, Plaintiff filed a motion for default judgment. ECF No. 13. The motion was stricken because there is a pending motion to dismiss and the Clerk had declined to enter default. ECF No. 14. Then, on October 14, 2025, Plaintiff filed a motion seeking an order to compel the Clerk to enter default. ECF No. 16. Plaintiff still did not file an opposition to the motion to dismiss. A hearing on the motion was held on October 23, 2025.

At the hearing, Plaintiff mistakenly believed that the Court was compelled to enter default, and refused to engage in discussion of the motion to dismiss. Plaintiff ultimately left the hearing before it concluded, while the undersigned was discussing the motion to dismiss with counsel for MBC. ECF No. 17. Before Plaintiff left, the Court informed him that he would be allowed 21 days to file a belated opposition to the motion to dismiss. Plaintiff thus had until November 13, 2025 to file an opposition, but no opposition was filed.

On November 19, 2025, MBC filed a reply brief as to its motion to dismiss and a request for judicial notice. ECF Nos. 22 & 23. Despite Plaintiff failing to file an opposition, because the reply brief arguably contained new arguments, on November 20, the Court granted Plaintiff 14 days "to file an opposition or response to the arguments and information in Defendant's reply." ECF No. 24.

During the 21-day extension granted post-hearing, instead of opposing the motion to dismiss, Plaintiff filed a motion to vacate (ECF No. 19) which sought review of the undersigned's prior minute order (ECF No. 14) and what Plaintiff construed as oral rulings made at the October 23, 2025 hearing. Judge Nunley denied Plaintiff's motion to vacate. ECF No. 27.

Despite the additional 14 days the Court granted Plaintiff on November 20, 2025 to respond to MBC's motion to dismiss arguments, Plaintiff again failed to respond to the motion to dismiss. Instead, Plaintiff filed an objection (ECF No. 25) and motion for recusal (ECF No. 26). More than three months have passed since MBC filed the motion to dismiss. Despite several extensions of time, Plaintiff has filed no substantive opposition to the motion to dismiss.

**II.    Analysis**

**A. Motion for Recusal (ECF No. 26)**

On December 2, 2025, Plaintiff filed a motion for recusal. ECF No. 26. The motion makes conclusory allegations of bias and makes false allegations of "irregular proceedings." ECF No. 26 at 2. Other than misrepresenting what occurred at the October 23, hearing, Plaintiff's grounds for recusal consist of reciting procedural history from the case and complaining of adverse rulings. Plaintiff also appears to erroneously believe that because he did not consent to magistrate judge jurisdiction, the undersigned may have no involvement in this matter. ECF No.

3

26 at 4. Plaintiff states that there was no court reporter or courtroom staff at the October 23 hearing, and that the undersigned did not wear a judicial robe. ECF No. 26 at 3. Plaintiff repeats his assertion that the hearing was held "without a court reporter, without courtroom staff, and without judicial robes" in an affidavit attached to the motion. ECF No. 26 at 5.

Plaintiff is only right about one thing: That there was no court reporter. But as a matter of course, there is no court reporter at motions hearings in this District. Rather, as with all motions hearings, the hearing on October 23 was recorded using the Court's ECRO (Electronic Court Recorder Operator) platform. Plaintiff is welcome to request a transcript of the proceeding based on that electronic recording. Otherwise, Plaintiff's allegations are simply fantastical. The courtroom deputy clerk was present and called the case. And the undersigned was most certainly wearing a judicial robe, as he does at all motion hearings. While Plaintiff is proceeding pro se in this matter, he must still follow applicable rules of procedure, including Rule 11, which requires parties to certify that filings are not being made for an improper purpose and contain factual contentions that have evidentiary support. Fed. R. Civ. P. 11(b). Plaintiff is warned that the Court will issue an order to show cause as to why Plaintiff should not be sanctioned if he makes further filings containing patently false information.[1]

The actual facts and circumstances demonstrate no bias and no risk that a reasonable person would believe the undersigned to be biased. "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Clemens v. U.S. Dist. Ct. for the Central Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citation and quotation omitted). To the extent Plaintiff complains about the undersigned's rulings, that is no basis for disqualification, absent other disqualifying circumstances. Pursuant to § 455(a), a court applies "the general rule that questions about a judge's impartiality must stem from 'extrajudicial' factors, that is, sources other than the judicial proceeding at hand." *Clemens*, 428 F.3d 1175 at 1178 (internal citations omitted). Plaintiff seeks to recuse the undersigned

---

[1] Plaintiff's motion to vacate (ECF No. 19), contained similar false information. Therein, Plaintiff misrepresented the course of proceedings at the October 23 hearing, including statements of the Court. He again claimed there was no court clerk or reporter, and that the undersigned was not wearing a robe. That motion was already denied by Judge Nunley. *See* ECF No. 27.

1  based on a minute order the Court entered, and based on comments made at oral argument
2  indicating the motion to compel entry of default would be denied.  This is not cause for recusal.
3  *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("a judge's prior adverse ruling is
4  not sufficient cause for recusal.").  Plaintiff's motion for recusal is DENIED.

### B. Plaintiff's Motion to Compel the Clerk to Enter Default (ECF No. 16)

Plaintiff contends that he is entitled to an order compelling the Clerk to enter default because MBC's motion to dismiss was filed one day late (22 days after service, rather than 21). Plaintiff contends that under Federal Rule of Civil Procedure 55(a), the Clerk must enter default. MBC filed its motion to dismiss on September 4, 2025.  Plaintiff did not request the Clerk enter default until two weeks later on September 18, 2025.  Thus, at the time Plaintiff moved for entry of default, MBC had not "failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Rather, at that point, MBC was defending the action through a motion to dismiss.  The Clerk appropriately declined to enter default.

Even though MBC's motion was filed one day late, entry of default was not mandatory, particularly here where Plaintiff did not request entry of default until after MBC filed its motion to dismiss.  *See Amezcua v. Federal Nat. Mortg. Ass'n*, 564 F.App'x 312 (9th Cir. 2014) (reviewing denial of application for default under Rule 55(a) for abuse of discretion); *Moebius v. Carnevale*, 2024 WL 3276380 (D. Nev. July 1, 2024) ("Despite 55(a)'s strong language, courts have some discretion in determining whether a party's actions constitute a failure to 'otherwise defend'" citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. 2024)).  MBC did not fail to plead or defend the action, but rather filed a motion to dismiss.  The Court recommends the motion to compel the Clerk to enter default be DENIED.

### C. Plaintiff's Failure to Respond to MBC's Motion to Dismiss

Plaintiff did not file an opposition to the motion to dismiss.  "[F]ailure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."  LR 230(c).  Plaintiff's opposition was originally due on September 18, 2025, and the Court granted multiple extensions of time to allow Plaintiff to oppose the motion.  *See* ECF Nos. 11, 17, & 24.  Pro se litigants are subject to the same procedural requirements as other litigants.  *See Munoz v. United States*, 28

F.4th 973, 978 (9th Cir. 2022). The Court could accordingly construe the failure to file an opposition as consent to the entry of an adverse order and grant the motion to dismiss solely on that basis. However, the Court has also considered the merits of Defendant's motion (as discussed below) and will recommend that the motion be granted on its merits. Plaintiff is cautioned that future failure to comply with the Local Rules or orders of the Court may result in the imposition of sanctions, up to and including dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

### D. **MBC's Motion to Dismiss (ECF No. 7)**

MBC argues that the action should be dismissed because it is entitled to sovereign immunity, and further argues the complaint is impermissibly vague. ECF No. 7 at 1-2. MBC also argues that because it is a public entity, Plaintiff must satisfy a heightened pleading standard. ECF No. 7 at 3. "The heightened pleading standard," that state courts apply as to public entity liability, "however, is inapplicable to claims brought in federal court." *Ayala v. City of South San Francisco*, 2006 WL 2482292, *4 (N.D. Cal. 2006), citing Wright and Miller, Federal Practice and Procedure, § 1203 (3d ed. 2004) ("The manner and details of pleading in the federal courts are governed by the Federal Rules of Civil Procedure regardless of the source of the substantive law to be applied in the particular action."). Thus, the Court will not impose a heightened pleading standard. *See Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005) ("a heightened pleading standard should only be applied when the Federal Rules of Civil Procedure so require").

MBC contends this is effectively an action against the state of California because it operates by and through MBC. ECF No. 7 at 3. MBC is entitled to sovereign immunity. *See Forster v. County of Santa Barbara*, 896 F.2d 1146, 1149 (9th Cir. 1990) (holding the California Board of Medical Quality Assurance is an agency of the state and entitled to 11th amendment immunity); *Yoonessi v. Albany Med. Ctr.*, 352 F.Supp.2d 1096, 1104 (C.D. Cal. 2005)('[T]he Medical Board of California, as a state agency, is entitled to sovereign immunity."). Plaintiff's federal claims in counts I and II are brought under § 1983 and § 1985. MBC, as a state agency, has immunity from such claims. *See Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th

Cir. 2017) (explaining that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court).

Plaintiff's only other federal claim is a vaguely defined Title VII claim in Count X. "[I]n 1972 Congress amended Title VII specifically to subject states and their subdivisions to Title VII actions for unlawful discrimination." *Sosa v. Hiraoka*, 920 F.2d 1451, 1461 (9th Cir. 1990), citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 449-50 (1976). Thus, MBC would not have sovereign immunity from the Title VII claim. However, Title VII limits liability to employers and does not extend to individual coworkers or supervisors. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Plaintiff has not alleged that MBC was his employer. Given that Plaintiff has refused to file an opposition to the motion to dismiss, there is also no reason to believe he could amend to add allegations that MBC was his employer. Plaintiff fails to state a Title VII claim against MBC.

The Court thus finds that MBC is entitled to sovereign immunity on Counts I and II, and that Plaintiff fails to state a claim on Count X. Thus, all of Plaintiff's federal claims should be dismissed. The Court recommends that supplemental jurisdiction be declined over the remaining seven state law claims at this time. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

The Court recommends that Defendant MBC's motion to dismiss be granted and the Court decline supplemental jurisdiction over the state law claims against MBC. As explained in more detail below, the Court also recommends that the federal claims against MBC be dismissed without leave to amend,

### E. Other Defendants and Leave to Amend

Plaintiff named only MBC in the caption of the complaint and apparently only served MBC, as the docket does not reflect a return of service/executed summons for any individual defendants. *See* ECF No. 5 (reflecting service on MBC).[2] However, the body of the complaint

---

[2] As Plaintiff did not list any of the individual defendants in the caption, they are not listed on the docket sheet and summons may not have issued as to them. It was obligatory on Plaintiff to list

7

names other individuals and refers to them as Defendants.[3] Plaintiff mentions Reji Varghese, Kimberly Kirchmeyer, Anna Vanderveen, Mechelle Veverka, Tresa Solis Betty, and Paulette Romero. All of these individuals are alleged to be affiliated with MBC as directors, investigators, inspectors, etc. ECF No. 1 at 2. Under Federal Rule of Civil Procedure 4(m), Plaintiff was required to effect service within 90 days. Plaintiff filed the action on July 10, 2025. As a result, the time in which to effect service expired on October 8, 2025. The Court may extend the time for service upon a showing of good cause. As there is ambiguity in the Complaint regarding the intended defendants, and summonses may not have issued for the individual defendants, the Court recommends allowing Plaintiff an additional 30 days after service of any amended complaint to effect service.

In evaluating whether leave to amend should be granted, the Court has considered Plaintiff's pro se status. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). As to Defendant MBC, the Court has considered futility of amendment, and finds amendment would be futile. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."); *Valencia v. Juan*, 2024 WL 1007234 at *2 (E.D. Cal. 2024) (leave to amend is futile where a defendant is immune to the claim raised in the complaint). As noted above, the Court recommends that the federal claims against MBC be dismissed without leave to amend. As to the other Defendants, it is conceivable that Plaintiff may be able to state a claim. However, because those defendants are employees or members of the MBC, they may also have immunity. The Ninth Circuit Court of Appeals has addressed the immunity of state medical boards in at least two published decisions. In 1999, the court in *Mishler v. Clift*, 191 F.3d 998, 1001 (9th Cir. 1999), held that the Nevada Board of Medical Examiners and its members were entitled to

---

all defendants in the caption. *See* Fed. R. Civ. P. 10(a) (requiring that the caption of the complaint name all the parties).
[3] MBC asserts that to its knowledge none of the other Defendants have been served. ECF No. 22 at 6.

absolute immunity for quasi-judicial acts, but not for ministerial acts. Then in 2004, the Ninth Circuit decided that the Idaho State Board of Medicine, its executive director, counsel, and individuals had absolute immunity for quasi-judicial and quasi-prosecutorial acts. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 919 (9th Cir. 2004). The Court recommends that Plaintiff be granted leave to amend as to the individual defendants and that Plaintiff be allowed 30 days after filing the amended complaint to effect service.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for recusal (ECF No. 26) is DENIED.

**IT IS FURTHER RECOMMENDED THAT**:

1. Plaintiff's motion to compel entry of default (ECF No. 16) be DENIED.
2. Defendant MBC's motion to dismiss (ECF No. 7) be GRANTED, that the federal claims against Defendant MBC be dismissed without leave to amend, and the that the Court decline supplemental jurisdiction over the state law claims against MBC.
3. That Plaintiff be given 21 days to file a First Amended Complaint (FAC) against any of the individual defendants currently mentioned in the Complaint.
4. Plaintiff be directed to effect service of the FAC within 30 days of the filing of the FAC.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 23, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

9