UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRANVILLE H. MARSHALL, Jr.,

    Plaintiff,

    v.

THE MEDICAL BOARD OF CALIFORNIA,

    Defendant.

No.  2:25-cv-01928-TLN-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court are Plaintiff's motion to participate in electronic filing (ECF No. 34) and Plaintiff's request for an extension of time to file a first amended complaint (ECF No. 36).  The Court will now grant the motion for extension of time and will grant in part, and deny in part the motion for electronic filing.

**I.**    **Motion to Participate in Electronic Filing (ECF No. 34)**

Plaintiff proceeds pro se seeks leave to file documents electronically through the Court's CM/ECF system, rather than in paper format as generally required of pro se litigants. ECF No. 34.  A Local Rule of this Court provides that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge."  LR 133(b)(2).  This Local Rule recognizes, as do similar local rules in other Districts, the difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to use e-

1

filing. *See, e.g., Baker v. IC Sys., Inc.*, No. CV-08-8091- PCT-DGC, 2008 WL 4186166, at 1 (D. Ariz. Sept. 9, 2008) (denying motion to e-file and stating the "Court's policy is to require pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed").

The primary reason Plaintiff gives for seeking e-filing, is that that he has relocated and now lives 190 miles from the Sacramento courthouse.  Plaintiff contends driving this distance would be burdensome.  However, Plaintiff can submit documents to the Clerk's office via United States Postal Service mail or other delivery service.  In considering leave to e-file, the Court has also considered Plaintiff's conduct in the litigation thus far.  Plaintiff made five separate filings seeking to obtain a default judgment against Defendant, even though Defendant had appeared and filed a motion to dismiss.  *See* ECF Nos. 9, 13, 15, 16, & 25.  Thus, Plaintiff has already demonstrated a propensity for unnecessary or duplicative filings.  These unnecessary filings signal to the Court the potential for abuse if electronic filing is permitted.  Plaintiff's motion to electronically file does not present good cause to deviate from the default under the Local Rules and is thus DENIED, except to the extent the Court will direct the Clerk to configure CM/ECF so that Plaintiff may receive immediate electronic notice of filings.

**II.      Motion for Extension of Time (ECF No. 36)**

On April 22, 2026, Judge Nunley issued an Order dismissing the claims against Defendant and providing that: "Plaintiff may file a First Amended Complaint (FAC) against any of the individual defendants currently mentioned in the Complaint.  The FAC shall be filed within 21 days of the date of this Order."  ECF No. 35 at 2.  Thus, Plaintiff's FAC is due by May 13, 2026. On May 5, 2026, the Court received notice that the mailing of the Order had been returned as undeliverable,[1] and Plaintiff on that same day filed the motion for extension of time which stated that he had not received the Order.  The Court resent the April 22, 2026 Order to Plaintiff on May 5, 2026.

---

[1]  Plaintiff filed a notice of change of address (ECF No. 32) on January 20, 2026, and it appears that a typographical error in updating the address on the docket may have resulted in Plaintiff not receiving the April 22, 2026 Order.

2

The Court finds good cause for an extension of time.  As to the duration of the extension, the Order was mailed on May 5, 2026, and thus a reasonable extension would be 21 days thereafter, which is May 26, 2026.  However, Plaintiff seeks 30 days after his receipt of the Order.  The Court will grant Plaintiff an additional 30 days from May 5, 2026.  Plaintiff's new deadline for filing the FAC will be June 4, 2026.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to e-file (ECF No. 34) is DENIED, except to the extent the Clerk is directed to configure the CM/ECF system so that Plaintiff receives immediate email notifications of Court filings at marshallhealthcare@startmail.com

2. Plaintiff's motion for extension of time to file the FAC (ECF No. 36) is GRANTED. Plaintiff's FAC shall be filed on or before June 4, 2026.

SO ORDERED.

DATED: May 6, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3